EXHIBIT 2



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT FILED**

MAR - 7 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| JOSEPH VICKERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CJ-2017-00884 |
| vs. ) | |
| ) | |
| JORDAN RUSSELL RAHMAN and, ) | JURY TRIAL DEMANDED |
| PROGRESSIVE DIRECT INSURANCE ) | |
| COMPANY, ) | REBECCA NIGHTINGALE |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW, the Plaintiff, Joseph Vickers, by and through his attorney, John M. Thetford of the Levinson, Smith and Huffman Law Firm, and for his cause of action against the Defendant, Jordan Russell Rahman and Progressive Direct Insurance Company, alleges and states as follows:

1. That the Plaintiff, Joseph Vickers, is a citizen and resident of Muskogee, Muskogee County, State of Oklahoma.

2. That the Defendant, Jordan Russell Rahman, is a citizen and resident of Tulsa, Tulsa County, State of Oklahoma.

3. The cause of action herein arose in Tulsa County, Oklahoma and this Court has jurisdiction over the subject matter and parties.

4. Progressive Direct Insurance Company ("Progressive") is licensed to transact insurance business under the laws of the State of Oklahoma at the time of the incident complained of in this Petition.

5. This case was previously filed against Defendant, Rahman and dismissed without prejudice on January 19, 2017.

1

I.

**Factual Background**

6. At all times relevant hereto, Plaintiff carried an Auto Liability Policy (the "Policy") with defendant Progressive and the Policy was in force at the time of the accident involving Plaintiff that underlies his uninsured motorist claim.

7. The Policy provided Uninsured Motorist Coverage in the amount of $100,000.00.

8. At all times relevant hereto, Plaintiff was an insured under the Policy.

9. The Policy was issued by Defendant Progressive and claims submitted under the Policy were managed, interpreted, handled and adjusted by Defendant Progressive.

10. That on or about January 10, 2015, on E 64-51 Highway and South Mingo Road in Tulsa County, Oklahoma the Defendant, Rahman did negligently, carelessly and without warning drive a motor vehicle into the Plaintiff's vehicle.

11. As a direct and proximate result of the negligence of the Defendant, Rahman, the Plaintiff sustained injuries to his body as a whole; has been prevented from transacting his business; has suffered great pain of body and mind; and has incurred expenses for medical attention for the injuries which he has sustained.

12. As a direct and proximate result of the negligence of the Defendant, Rahman, the Plaintiff will continue to suffer great pain of body and mind and will require further medical treatment in the future.

13. As a direct and proximate result of the negligence of the Defendant, Rahman, the Plaintiff suffered personal injury to his knee, upper back and neck.

14. Plaintiff also suffered property damage to his vehicle.

15. As a result of this wreck, Plaintiff was seriously injured and has and will in the future suffer medical expenses, pain and suffering and lost wages, all to his loss and damage in excess of $100,000.00

16. Plaintiff made a claim for UM benefits under the Policy with Defendant Progressive as a result of injuries from the subject wreck.

17. That the Defendant Rahman's available liability coverage is less than the value of Plaintiff's personal injury claim and UM benefits in the amount of policy limits are due Plaintiff.

18. That Plaintiff had purchased and Defendant had issued an Automobile Liability Policy to Plaintiff that included $100,000.00 in uninsured motorist coverage, which at all times relevant hereto, was in force.

19. On or about May 5, 2016, Defendant Progressive improperly and wrongfully and in bad faith breached its contract with Plaintiff and denied Plaintiff's UM claim in material part.

20. Defendant Progressive arbitrarily and wrongfully found that the $100,000.00 in UM coverage paid for by Plaintiff was reduced to $25,000.00 due to a policy exclusion that Progressive knew or should have known was inapplicable to the facts of this case and, in any event, unlawful and against Oklahoma Public Policy.

21. Defendant Progressive paid to Plaintiff the $25,000.00, under agreement that acceptance of said amount would not constitute a waiver of Plaintiff's rights to pursue any claims he possessed against Progressive, but wrongfully denied Plaintiff $75,000.00 in UN benefits.

22. Defendants knew or should have known that the exclusion it relied upon to deny Plaintiff's UM claim was unlawful under Oklahoma law with regard to UM benefits, and also,

that the undisputed facts demonstrated that Plaintiff did not and was not regularly using a non-owned vehicle.

23. Defendant had a legal, statutory and fiduciary duty to properly inform Plaintiff of available coverage under the Policy, to properly interpret the Policy, to correctly advise Plaintiff of available coverage and limits, to assist Plaintiff pursue any claim he might have for benefits, and finding coverage available, to timely evaluate and adjust any claim he had for benefits.

24. Defendant Progressive has unnecessarily and without just cause delayed the payment of benefits to Plaintiff.

25. To date, Defendant has unlawfully and failed and refused to pay Plaintiff UM benefits due him under the Policy.

26. Defendant breached their contractual duties under the Policy as described above and in failing to pay Plaintiff UM benefits due him under the Policy.

27. As a result of Defendant's wrongful and unlawful conduct, Plaintiff has been deprived of UM benefits for an extended period of time and has been compelled to hire legal counsel to recover his UM benefits.

28. Defendants have in bad faith engaged in unlawful, unfair and deceptive insurance practices forbidden under Oklahoma law, including but not limited to, selling a policy with an unlawful policy provision, misrepresenting available coverage to an insured, fraudulently concealing available policy provisions, failing to assist an insured process a claim for benefits, failing to timely and properly adjust a claim for benefits, by conditioning adjust of his claim for benefits on unnecessary and frivolous requests for information that it already had, by refusing to value his claim and promptly make payment of benefits to Plaintiff, and by compelling their insured to employ legal counsel in order to obtain benefits.

29. That upon information and belief, Defendants have misrepresented the subject unlawful policy exclusion to other Oklahoma insured and thereby unlawfully avoided paying UM benefits to other persons who had proper UM claims under insurance policies similar to the Policy.

## II.

### Breach of Contract

Plaintiff hereby incorporates the paragraphs above.

30. Defendant has breached its contractual obligations to Plaintiff and has failed to pay Plaintiff UM benefits due Plaintiff.

31. That Defendant Progressive is liable to Plaintiff for breaching its contractual obligations to Plaintiff, as previously described, for an amount equal to policy benefits limits, interests and attorney fees.

32. That as a result of Defendant's breach of contract, Plaintiff has suffered compensatory and special damages and emotional distress, all in an amount in excess of $100,000.00.

33. That Defendants' actions were intentional, willful and wanton against Plaintiff and Defendant should be punished as a deterrent to keep them and others like them who are in similar positions from acting in such a manner in which the Defendant has acted against the Plaintiff. These damages should be set in an amount equal to or in excess of Plaintiff's non punitive damage award.

## III.

### Bad Faith and Unfair Dealings

Plaintiff hereby incorporates the paragraphs above.

34. Defendant's acts and omissions, as alleged herein, amount to failure to deal in good faith and deal fairly with the Plaintiff, contrary to common law and Oklahoma statutory law.

35. That as a result of the actions of bad faith by Defendant "plaintiff" has suffered both special and general damages, together in an amount in excess of $100,000.00.

36. That Defendants' actions of bad faith were intentional, willful and wanton against Plaintiff, and Defendants should be punished as a deterrent to keep them and others like them who are in similar positions from acting in such a manner in which the Defendant's has acted against the Plaintiff. These damages should be set in an amount equal to or in excess of Plaintiff's non punitive damage award.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendant Progressive in an amount in excess of $75,000.00 as and for general and special damages; as well as punitive damages against the Defendant in an amount in excess of $75,000.00, together with pre-judgment and post-judgment interest, attorney fees, costs, and any other relief this Court deems just and equitable.

Respectfully submitted,

John M. Thetford OBA #12892
Levinson, Smith & Huffman, PC
1743 East 71st Street
Tulsa, Oklahoma 74136
(918) 492-4433 Telephone
(918) 492-6224 Facsimile
*Attorney for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**

TEDFORD & ASSOC LP
PO BOX 1050
JENKS, OK 74037



RICK VICKERS
2901 HAWATHA DR
MUSKOGEE, OK 74401

**Policy Number: 18777573**
Underwritten by:
Progressive Northern Insurance Co
July 18, 2014
Policy Period: Aug 1, 2014 - Feb 1, 2015
Page 1 of 2

**1-918-299-2345**
**TEDFORD & ASSOC LP**
Contact your agent for personalized service.

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, update policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Auto Insurance Coverage Summary

## This is your revised Renewal Declarations Page
## Your policy information has changed

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on August 1, 2014 at 12:01 a.m. This policy expires on February 1, 2015 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle. The policy contract is form 9610A OK (07/06). The contract is modified by forms Z445 OK (08/10), Z538 (10/08) and 4884 (10/08).

## Policy changes effective August 1, 2014

| | |
|---|---|
| Changes requested on: | Jul 14, 2014 10:26 a.m. |
| Requested by: | Rick Vickers |
| Premium change: | $664.00 |
| Changes: | The 2014 TOYOTA CAMRY has been added. |

## Underwriting Company

Progressive Northern Insurance Co
P.O. Box 6807
Cleveland, OH 44101
1-800-876-5581

## Drivers and household residents

| | Additional information |
|---|---|
| Rick Vickers | Named insured |
| Blake Vickers | |
| Joseph Vickers | |

## Outline of coverage

| General policy coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Uninsured Motorist Bodily Injury | $100,000 each person/$300,000 each accident | | $158 |
| **Total general policy coverage** | | | **$158** |

Form 6489A OK (11/04)


Continued

Policy Number: 18777573
Rick Vickers
Page 2 of 2

**2004 CHEVROLET TAHOE C1500/K1500**
VIN 1GNEK13Z54R111538
Primary use of the vehicle: Commute

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $177 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $50,000 each accident | | |
| Medical Payments | $5,000 each person | | 20 |
| Comprehensive | Actual Cash Value | $1,000 | 59 |
| Collision | Actual Cash Value | $1,000 | 66 |
| Total premium for 2004 CHEVROLET | | | **$322** |

**1999 BUICK CENTURY**
VIN 2G4WY52M9X1421404
Primary use of the vehicle: Pleasure

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $138 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $50,000 each accident | | |
| Medical Payments | $5,000 each person | | 19 |
| Total premium for 1999 BUICK | | | **$157** |

**2014 TOYOTA CAMRY**
VIN 4T4BF1FK2ER398321
Primary use of the vehicle: Commute

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $264 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $50,000 each accident | | |
| Medical Payments | $5,000 each person | | 36 |
| Comprehensive | Actual Cash Value | $1,000 | 140 |
| Collision | Actual Cash Value | $1,000 | 266 |
| Total premium for 2014 TOYOTA | | | **$706** |

**Total 6 month policy premium**     **$1,343.00**

## Premium discounts

| Policy | |
|---|---|
| 18777573 | Electronic Funds Transfer (EFT), Home Owner, Multi-Car, Continuous Insurance: Diamond, Three-Year Safe Driving and Five-Year Accident Free |

**Agent countersignature**

*[signature: Mark Paust]*

**Company officers**

*[signature]*

Secretary

Form 6489A OK (11/04)



# PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
## ATTORNEYS AT LAW

ROBINSON RENAISSANCE BUILDING
119 NORTH ROBINSON AVENUE, 11TH FLOOR
OKLAHOMA CITY, OKLAHOMA 73102
TELEPHONE: (405) 606-3333
FACSIMILE: (405) 606-3334

17240 NORTH MAY AVENUE, SUITE A
EDMOND, OKLAHOMA 73012

GERARD F. PIGNATO
R. THOMPSON COOPER
PAUL M. KOLKER†‡¤
BRAD L. ROBERSON ƒ
DAWN M. GOERES¥

A. BABETTE ROBERSON ƒ
ERIN J. ROONEY
DIXIE A. CRAVEN
JUSTIN R. WILLIAMS
BENJAMIN M. MCCASLIN
JACE T. WHITE

OF COUNSEL

R. GREG ANDREWS
CLAYTON B. BRUNER

† Also Admitted in Texas
ƒ Also Admitted in District of Columbia
¥ Also Admitted in Illinois
£ Also Admitted in Colorado
‡ Also Admitted in Chickasaw Nation
¤ Also Admitted in United States Court of Federal Claims

April 18, 2017

*VIA FACSIMILE TO: 918-492-6224*
John M. Thetford, Esquire
Levinson, Smith & Huffman, P.C.
1743 East 71st Street
Tulsa, Oklahoma 74136

Re:   *Joseph Vickers v. Jordan Russell Rahman and, Progressive Direct Insurance Company*
      District Court for Tulsa County; Case No.: CJ-2017-884

Dear Mr. Thetford:

By now you have received Progressive Direct Insurance Company's Answer. As you will note, the correct Defendant in this matter is Progressive Northern Insurance Company. Can you please file an Amended Petition naming Progressive Northern Insurance Company as the correct entity and dismissing Progressive Direct Insurance Company? Please let me know. Otherwise, I will need to get a Motion to Dismiss on file. I look forward to hearing from you shortly.

Sincerely,

Brad L. Roberson

BLR:jak
File No.: 522.1461

# Send Result Report
MFP
FS-1128MFP



Firmware Version  2JN_2F00.023.001 2010.12.28

04/18/2017 10:23
[2H9_1000.005.001] [2H9_1100.001.003] [2H9_7000.001.011]

Job No.: 032382         Total Time: 0°00'14"         Page: 001

# Complete

Document:        doc20170418102306



PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
ATTORNEYS AT LAW

ROBINSON RENAISSANCE BUILDING
119 NORTH ROBINSON AVENUE, 11TH FLOOR
OKLAHOMA CITY, OKLAHOMA 73102
TELEPHONE: (405) 606-3333
FACSIMILE: (405) 606-3334

17240 NORTH MAY AVENUE, SUITE A
EDMOND, OKLAHOMA 73012

GERARD F. PIGNATO
R. THOMPSON COOPER
PAUL M. KOLKER
BRAD L. ROBERSON
DAWN M. GOERES

A. BABETTE ROBERSON
ERIN J. ROONEY
DIXIE A. CRAVEN
JUSTIN R. WILLIAMS
BENJAMIN M. MCCASLIN
JACE T. WHITE

OF COUNSEL
R. GREG ANDREWS
CLAYTON B. BRUNER

† Also Admitted in Texas
ƒ Also Admitted in District of Columbia
¥ Also Admitted in Illinois
£ Also Admitted in Colorado
‡ Also Admitted in Chickasaw Nation
¤ Also Admitted in United States Court of Federal Claims

April 18, 2017

*VIA FACSIMILE TO: 918-492-6224*
John M. Thetford, Esquire
Levinson, Smith & Huffman, P.C.
1743 East 71st Street
Tulsa, Oklahoma 74136

Re:   *Joseph Vickers v. Jordan Russell Rahman and, Progressive Direct Insurance*

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|---|---|---|---|---|---|---|
| 001 | 04/18/17 10:23 | 19184926224-5221461 | 0°00'14" | FAX | OK | 200x100 Normal/On |

[ QRH1429912 ]

1