# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JOSEPH VICKERS,

    Plaintiff,

vs.

JORDAN RUSSELL RAHMAN and
PROGRESSIVE NORTHERN
INSURANCE COMPANY,

    Defendants.

Case No. 18-CV-52-TCK-FHM

## OPINION AND ORDER

Defendant Progressive Northern Insurance Company's Motion to Compel Plaintiff's Supplemental Discovery Responses, [Dkt. 17], is before the undersigned United States Magistrate Judge. The matter has been fully briefed, [Dkt. 17,18, 19], and is ripe for decision.

Defendant seeks an order compelling Plaintiff to supplement his discovery responses to provide: medical and mental health records that Plaintiff claims pertain to the actions taken by Defendant or a release that will enable Defendant to obtain the records; federal and state tax returns for the past five years; copies of monthly checking and savings account statements from the date of the accident until the present; a copy of the agreement first signed between Plaintiff and his attorney that would document the date Plaintiff hired counsel; documents relating to loans Plaintiff has had or made payments on for the last eight years; documents related to the purchase and/or lease of any real property or vehicles over the last eight years; bank records for the last eight years; and records or documents indicating Plaintiff's failure to timely pay debts over the last eight years. Plaintiff asserts that he has provided a medical release to Defendant, but Defendant asserts that

the release is limited to a single psychologist and Plaintiff has testified he has seen at least three other psychologists. Plaintiff asserts that he did not file tax returns for 2015 and 2016 and does not have copies of tax returns for other years. Defendant states that it has provided a release for Plaintiff to sign to enable Defendant to obtain Plaintiff's tax returns. Plaintiff asserts that the agreement between himself and his attorney is privileged. Defendant counters that Plaintiff claims Defendant's actions necessitated the hiring of an attorney, but Defendant believes Plaintiff hired counsel before Defendant was even notified of the accident. Plaintiff states he does not have copies of credit card statements and does not know who to contact to obtain the records. Concerning loan documents, Plaintiff states that he received loans from family and friends which have not been documented. Defendant points out that Plaintiff testified that he borrowed money against his settlement proceeds and that he did not know the name of the loan company, but his attorney did know.

Plaintiff has not offered valid excuses for his failure to fully respond to Defendant's requests for production of documents. Plaintiff is required to obtain the documents requested or sign appropriate releases to enable Defendant to obtain the information. That Plaintiff himself may not know how to go about obtaining the information is irrelevant to whether he is required to produce the information. Plaintiff is represented by counsel who can certainly help obtain information. With regard to producing the agreement between Plaintiff and his attorney, the court finds that Plaintiff has put the date he engaged counsel in issue. Accordingly, Plaintiff is required to produce the portions of the contract that reflect the date he first hired counsel in regard to the January 2015 automobile accident that is at the heart of this litigation, the parties to the contract, and the signatures on the contract.

Defendant Progressive Northern Insurance Company's Motion to Compel Plaintiff's Supplemental Discovery Responses, [Dkt. 17], is GRANTED. Plaintiff's production of documents that are fully responsive to Request for Production of Documents Nos. 7, 22, 27, 28, and 29[1] is due on or before April 23, 2018. Plaintiff is advised that the failure to produce documents, as ordered, may result in the imposition of sanctions under Fed.R.Civ.P. 37(b)(2)(A) including prohibiting Plaintiff from supporting claims or elements of damages related to unanswered discovery requests.

SO ORDERED this 27th day of March, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] These are the Requests for Production addressed in Defendant's reply brief. [Dkt. 19, p. 6].