IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOSEPH VICKERS, )
)
      Plaintiff, )
)
vs. ) Case No. 18-CV-52-TCK-FHM
)
PROGRESSIVE NORTHERN )
INSURANCE COMPANY, )
)
      Defendant. )

## OPINION AND ORDER

Before the Court are (1) Defendant's Motion to Withdraw Documents (Doc. 98); (2) Plaintiff's Amended Motion to Withdraw Documents (Doc. 100); (3) the Parties' Joint Motion to Admit Deposition Transcript of Dr. Guy Grooms (Doc. 101); (4) Defendant's Motion to Withdraw Defendant's Seventh Motion in Limine (Doc. 103).

**I.    Motions to Withdraw**

On November 19, 2018, this Court entered an Opinion and Order that, among other things, granted Defendant's Motion for Partial Summary Judgment on Plaintiff's Breach of the Duty of Good Faith and Fair Dealing (Doc. 90). Later, on November 26, 2018, the Court ordered both Parties to submit motions to withdraw any motions in limine rendered moot by the Court's Opinion and Order granting partial summary judgment by November 28, 2018 at 5:00 p.m. (Doc. 95). Defendant filed its Motion to Withdraw on November 28, 2018 (Doc. 98) and Plaintiff filed its Motion to Withdraw on November 29, 2018 (Doc. 100).

Pursuant to the Court's Order on November 26, 2018 (Doc. 95), Defendant's Motion to Withdraw (Doc. 98) is **GRANTED**. Defendant's First, Second, Third, Fourth, Fifth, and Tenth Motions in Limine (Docs. 34, 37, 38, 39, 40, and 45) are **DENIED AS MOOT**. Plaintiff's

1

Amended Motion to Withdraw Documents (Doc. 100) is **GRANTED**. Plaintiff's Amended Motions in Limine I, II, III, IV, IX are **DENIED AS MOOT** and **STRICKEN** from Plaintiff's Amended Motions in Limine (Doc. 36).

If any of the evidence at issue in these motions in limine becomes relevant for the purpose of Plaintiff's remaining breach of contract claim and/or Defendant's defenses, the Parties may reassert any relevant arguments set forth in a motion in limine addressing such evidence.

## II.     Deposition of Dr. Guy Grooms

The Parties have also been engaged in an ongoing dispute over the potential designation of the deposition of Dr. Guy Grooms. Though the deposition was not designated by the deadline stated in the Amended Scheduling Order (Doc. 46), the Parties reached an agreement for Plaintiff to designate portions of the deposition before October 1, 2018 (Doc. 85-2, pgs. 2-3). However, Plaintiff filed deposition designations of Dr. Guy Grooms on November 9, 2018 (Doc. 82), outside the scope of the Parties' agreement, and Defendant filed an objection on November 13, 2018 (Doc. 85).

After receiving no response to this objection, the Court ordered the Parties to meet and confer regarding Plaintiff's deposition designations, and for Plaintiff to file either a response or a joint/agreed motion to withdraw Defendant's objection and allow Defendant to file counter-designations and line-specific objections, by no later than November 28, 2018, at 5:00 p.m. (Doc. 95). On November 29, 2018, at 5:00 p.m., Plaintiff filed a Joint Motion to Admit Deposition Transcript of Dr. Guy Grooms (Doc. 101). Finally, based on this agreement and joint motion, Defendant filed a Motion to Withdraw Defendant's Seventh Motion in Limine (Doc. 103).

Based on the agreement of the Parties, the Joint Motion to Admit Deposition Transcript of Dr. Guy Grooms (Doc. 101) is **GRANTED**. The deposition will be presented in its entirety with

the objections removed.  Defendant's Motion to Withdraw Defendant's Seventh Motion in Limine (Doc. 103) is **GRANTED**.  Defendant's objection (Doc. 85) is **DENIED AS MOOT**.  Plaintiff's initial deposition designations (Doc. 82) are **MOOT** and will not be used at trial.  If Plaintiff calls Dr. Grooms to testify live at trial, Defendant may reassert the substantive objections set forth in its Seventh Motion in Limine at the time of that live testimony.

### III.     Other Motions

Plaintiff has filed Amended Motions in Limine (Doc. 36) and an Amended Motion to Withdraw Documents (Doc. 100).  Accordingly, Plaintiff's initial Motions in Limine (Doc. 35) and initial Motion to Withdraw Documents (Doc. 99) are **DENIED AS MOOT**.

### IV.     Conclusion

Defendant Progressive Northern Insurance Company's First, Second, Third, Fourth, Fifth, and Tenth Motions in Limine (Docs. 34, 37, 38, 39, 40 and 45) are **DENIED AS MOOT**.

Plaintiff Joseph Vickers's initial Motions in Limine (Doc. 35) are **DENIED AS MOOT**.

Plaintiff Joseph Vickers's Amended Motions in Limine I, II, III, IV, IX are **DENIED AS MOOT** and are **STRICKEN** from Plaintiff's Amended Motions in Limine (Doc. 36).

Plaintiff Joseph Vickers's initial deposition designations (Doc. 82) are **MOOT** and will not be used at trial.

Defendant Progressive Northern Insurance Company's Objection to Deposition Designations (Doc. 85) is **DENIED AS MOOT**.

Defendant Progressive Northern Insurance Company's Motion to Withdraw Documents (Doc. 98) is **GRANTED**.

Plaintiff Joseph Vickers's initial Motion to Withdraw Documents (Doc. 99) is **DENIED AS MOOT**.

Plaintiff Joseph Vickers's Amended Motion to Withdraw Documents (Doc. 100) is **GRANTED**.

The Parties' Joint Motion to Admit Deposition Transcript of Dr. Guy Grooms (Doc. 101) is **GRANTED**.

Defendant Progressive Northern Insurance Company's Motion to Withdraw Defendant's Seventh Motion in Limine (Doc. 103) is **GRANTED**.

**SO ORDERED.**

**DATED THIS 30th day of November, 2018.**

**TERENCE C. KERN**
**United States District Judge**